THE W. B. GIBSON CO., APPELLANT, *v.* THE WARREN METROPOLITAN HOUSING AUTHORITY ET AL., APPELLEES; CITY OF WARREN, CROSS-APPELLANT.

(Decided March 22, 1940.)

*Mr. Lewis Guarnieri,* for appellant.
*Mr. D. J. Del Bene* and *Mr. Bruce Henderson,* for appellees.

PHILLIPS, J.  This case comes before this court on

the appeal of the plaintiff and the cross-appeal of defendant the city of Warren on questions of law from a declaratory judgment of the Court of Common Pleas of Trumbull county.

Both defendants filed demurrers to plaintiff's petition in the lower court which were subsequently abandoned, and by agreement of counsel the case was submitted to that court on an agreed statement of facts, which constitutes the bill of exceptions in this court.

Council of the city of Warren, a municipal corporation and body politic, herein called the city, duly passed resolution No. 1300 on January 18, 1939, by which the city was authorized to and by a cooperation agreement did agree, among other things, to plan or replan, zone or rezone, any area in the city to an appropriate neighborhood classification for the construction of a housing project by the defendant, The Warren Metropolitan Housing Authority, a corporation and body politic organized and existing under and by virtue of the housing authority law of Ohio, hereinafter referred to as the housing authority, and to waive building and inspection fees, if subjected to any, and make such exceptions to the building regulations and ordinances as were found necessary by the housing authority in the development of the project.

Pursuant to the terms of that resolution the housing authority purchased a parcel of land situated in residential class "A" of the city known as the Beck farm.

Subsequently on the twenty-fourth day of August 1939, the housing authority entered into a written contract with the plaintiff, The W. B. Gibson Company, an Ohio corporation, for the construction of the houses, which provided *inter alia* as follows:

"This contract is conditioned upon the rezoning on or before February 15, 1940, unless said time is extended by written agreement of the authority and the contractor from 'A' residential to 'B' residential of the site known as the Carrie Beck farm, upon which

said project is to be erected. In the event said site is not rezoned by the time herein mentioned or any extension hereof, then said contract shall be void, cancelled and of no effect; and said authority shall be fully released from any and all suits, debts, actions, damages, causes of action, sums of money, claims, and demands of any kind or description whatever, which said contractor has or claims to have under this contract."

Thereafter, on September 20, 1939, the council of defendant city duly passed ordinance No. 2933 rezoning the Beck farm as class "B" residential.

Referendum petitions were duly filed to this ordinance and the ordinance submitted to the electorate of the city at the November election, 1939, and defeated.

The lower court held that ordinance No. 2933 was necessary in order to rezone the property in question and was subject to referendum; that the quoted paragraph of the contract between the plaintiff and the housing authority was a condition precedent to the performance of the contract, and unless the time was extended in accordance with the terms thereof the contract had "become void, cancelled and of no effect; and the authority released from all liability under the contract;" and rendered judgment on its finding against the plaintiff.

From that judgment plaintiff appealed, and defendant, city of Warren, filed a cross-appeal on questions of law to determine the constitutionality of Section 1078-56, General Code, and the other sections of the Housing Cooperation Law, claiming that this section of the Code, and others of the act, are unconstitutional and would frustrate a referendum upon measures passed thereunder, and accordingly conflict with Section 1f, Article 2 of the Constitution of Ohio, which provides:

"The initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipalities may now or hereafter

be authorized by law to control by legislative action; such powers shall be exercised in the manner now or hereafter provided by law."

Plaintiff claims that ordinance No. 2933 was not necessary in view of the passage of resolution No. 1300 and the subsequent cooperation agreement between the city and the housing authority and the right of eminent domain granted to the housing authority by Section 1078-34, General Code, and that if it was necessary it was not subject to referendum because of the operation of Sections 4227-3 and 1078-56, General Code.

Presented for consideration and determination are the questions of the necessity of ordinance No. 2933, and the right to subject it to a referendum after the adoption of resolution No. 1300 and whether the quoted paragraph of the contract between plaintiff and the housing authority is a condition precedent to the performance of the contract.

Resolution No. 1300 was only an agreement on the part of the city to cooperate with the housing authority in the respects heretofore outlined. It was not a re-zoning ordinance and did not attempt to rezone any district anywhere in the city. By that resolution, styled by council as a resolution, not an ordinance, the city simply agreed to rezone any area in the city to an appropriate neighborhood classification for the construction of the housing project at the proper time. A number of fine distinctions have been drawn by the courts with reference to ordinances and resolutions.

"A resolution ordinarily is a declaration of a council, or a legislative body evincing some purpose or intent to do some act not the doing of the act itself. Ordinarily it is the intention to enter upon some enterprise of public moment, something authorized by law that it may do. An ordinance ordinarily provides a rule of conduct and is a law binding upon a community. They are declarations of a rule of conduct for the en-

forcement of a right or the creation of a duty." *Cleveland, S. & C. Railway* v. *City of Norwalk*, 17 N. P. (N. S.), 580, 25 O. D. (N. P.), 267.

"Resolution. In the proceedings of a municipal board, a resolution is something less formal than an ordinance, and, generally speaking, is a mere expression of the opinion or mind of the council concerning some matter coming within its official cognizance. No set form of words is essential if the requirement which calls for such expression is met." Ballentine Law Dictionary, 1130.

We hold therefore that resolution No. 1300 was nothing more than a declaration of the council of the city to perform the acts agreed and not the doing of those acts and was in no sense a rezoning ordinance. Since we take this view we do not pass upon the question of the applicability of a referendum to that resolution or whether the cooperation agreement to rezone authorized by that resolution was void as an unlawful delegation of legislative authority as urged by the city, since there was no legislative act of the city, with reference to actual rezoning until the passage of ordinance No. 2933.

Manifestly, then, to actually accomplish the act of rezoning the Beck farm in accordance with the cooperation agreement it was necessary to pass a rezoning ordinance and accordingly council of the city passed ordinance No. 2933 which was a rezoning ordinance in which no emergency clause appeared.

We accordingly hold that ordinance No. 2933 was necessary to accomplish the purpose of rezoning the Beck farm.

We do not pass upon plaintiff's claim that ordinance No. 2933 was unnecessary in view of the right of eminent domain granted to the housing authority by Section 1078-34, General Code, for the reason that the Beck farm was purchased, not appropriated by it. If it had exercised its right to and had appropriated the Beck farm a different question would be presented.

We come now to consider plaintiff's claim that if ordinance No. 2933 was necessary it was not subject to referendum in the instant case because Section 4227-3, General Code, provides that referendum shall apply only to the first ordinance; and that resolution No. 1300 was the first ordinance or resolution and that no referendum was predicated upon that resolution.

We have held that resolution No. 1300 was not a rezoning ordinance and was nothing more than a declaration of the council of the city to rezone and cooperate with the housing authority.

It is also observed that ordinance No. 2933 does not pertain to the matters set forth in Section 4227-3, General Code, which refers to assessments, street improvements and emergency legislation, and in this case there was no statutory duty upon the council of the city to pass resolution No. 1300.

Clearly if the ordinance contained an emergency clause, which stated the reasons for the emergency, it would not be subject to referendum. However it contained no such clause, and is not exempt from a referendum on that ground.

Obviously ordinance No. 2933 was the first piece of legislation passed which actually rezoned the Beck farm, and one ordinance is all the law requires to complete the legislation necessary to rezone the property and accordingly Section 4227-3, General Code, is not applicable to ordinance No. 2933, and we so hold.

Next we come to consider plaintiff's claim that if ordinance No. 2933 was necessary it was not subject to referendum because Section 1078-56, General Code, provides in part: "Such a resolution or resolutions shall take effect immediately and need not be laid over or published or posted." We also consider the claim of defendant city that the lower court erred when it found that section of the General Code and other sections of the housing laws, Sections 1078-1 to 1078-60, General Code, do not violate any of the provi-

sions of the Constitutions of the United States or the state of Ohio.

Ordinance No. 2933 is exclusively a rezoning ordinance authorized under the general laws of Ohio pertaining to municipal legislation, including Section 4227-2, General Code, which provides for referendum and further that no ordinance or other measure shall go into effect until 30 days after it shall have been filed; and to which general laws the housing laws of Ohio yield by express reference in and are expressly recognized by Section 1078-43, General Code, which section is a part of the Housing Authority Law, and which provides in part:

"The planning, zoning and sanitary laws of the state of Ohio and any political subdivision or agency thereof in which a housing project is located shall apply to housing projects of a housing authority to the same extent as if said projects were planned, constructed, owned or operated by private persons   *   *   *."

It follows that ordinance No. 2933 was passed under authority of Section 4227-2, General Code, and the provisions of Section 1078-56, General Code, are applicable only to the extent that "Such a resolution or resolutions shall take effect immediately and need not be laid over or published or posted," and under the provisions of Section 4227-2, General Code, the ordinance is subject to referendum.

If the provision of Section 1078-56, General Code, were an attempt on the part of the Legislature to frustrate a referendum upon measures passed thereunder it is unconstitutional.

Finally we come to a consideration of the remaining question presented namely, whether the hereinbefore quoted paragraph of the contract between plaintiff and the housing authority is a condition precedent to the performance of the contract.

We have held that ordinance No. 2933 was necessary in order to rezone the premises in question, and that

that ordinance was subject to referendum. The evidence discloses that it was defeated by the electorate of the city at the election of November 7, 1939, and the rezoning of the property was therefore never legally completed.

The contract was conditioned upon the rezoning of the Beck farm on or before February 15, 1940, unless the time was extended by written agreement of the housing authority and the plaintiff, which was not done. The contract further provided that if not done the contract would "be void, cancelled and of no effect" and the housing authority would be fully released from "any and all suits, debts, actions, damages, causes of action, sums of money, claims, and demands of any kind or description whatever, which said contractor has or claims to have under this contract."

It necessarily follows that paragraph six of the contract between the plaintiff and the housing authority is a condition precedent to the performance of the contract and that unless the property was rezoned prior to February 15, 1940, or the time was extended beyond that date, the contract would be and has become cancelled and of no effect and that the housing authority would be and is released from all liability under the contract, and we so hold.

It follows that the judgment of the lower court should be and hereby is affirmed.

*Judgment affirmed.*

CARTER, J., concurs.
NICHOLS, P. J., concurs in judgment.