JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants Steven Chou, Caleb Chou and Alice Chou appeal from the trial court's decision granting the motion for summary judgment filed by the plaintiff-appellee Joseph Chou. This suit was filed to settle a dispute between the parties which arose out of two signed contracts, one agreement was for the sale of stock in Pony Computer, Inc. and a second was the related escrow agreement.
 {¶ 2} On June 16, 2000, appellee Joseph Chou entered into the sales agreement with the three appellants, his brothers, Caleb and Steven, and his wife, Alice. The same parties entered into the escrow agreement on June 20, 2000. Succinctly stated, the appellee asserted in the court below[1] that the escrow agreement entered into by the parties modified the sales agreement by creating a condition precedent, i.e., requiring the approval of Firstar Bank for the sale. The appellee argued that the condition precedent was not fulfilled when the bank withheld approval and therefore the agreement for the sale was null and void.
 {¶ 3} The appellants seek to enforce the sales agreement and assert that the language of the escrow agreement plainly states that the escrow agreement does not supersede the sales agreement.
 {¶ 4} The following clauses of the sales agreement are pertinent herein:
 {¶ 5} This Agreement is made this 16th day of June, 2000, irrespective the date this Agreement is actually signed, among JOSEPH CHOU (hereinafter referred to as Seller) and ALICE CHOU, CALEB CHOU, STEVEN CHOU, (herein individually the Buyer). The above are referred collectively as the parties or Shareholders.
 {¶ 6} WHEREAS, Seller is the owner and holder of 943 shares of all the outstanding stock of PONY Computer Inc., an Ohio Corporation, hereinafter referred to as Company; and
 {¶ 7} WHEREAS, Seller is desirous of transferring to each of the Buyers, and each Buyer is desirous of obtaining from Seller the respective number of shares of stock of the Company that Seller holds upon the terms and conditions and for the consideration hereinafter set forth.
 {¶ 8} Now therefore, in consideration of the mutual promises and agreements contained herein, the parties agree as follows:
 {¶ 9} Section 1. Party Joseph Chou (Seller) hereby assigns, transfers, and delivers to Buyer Alice Chou, and Buyer Alice Chou hereby obtains from Seller, all of his right, title, and interest in and to 235.75 shares of stock of Company now owned by Seller for the total consideration of $1.00.
 {¶ 10} Section 2. The Seller hereby assigns, transfers, and delivers to Buyer Caleb Chou, and Buyer Caleb Chou hereby obtains from Seller, all of his right, title, and interest in and to 235.75 shares of stock of Company now owned by Seller for the total consideration of $1.00.
 {¶ 11} Section 3. The Seller hereby assigns, transfers, and delivers to Buyer Steven Chou, and Buyer Steven Chou hereby obtains from Seller, all of his right, title, and interest in and to 235.75 shares of stock of Company now owned by Seller for the total consideration of $1.00.
 {¶ 12} Section 4. The transfers of stocks described above shall be consummated immediately, unless delayed to anther date by agreement of the parties in writing, upon the execution of this Agreement. On such closing, or on such other date as consummation of the purchase and sale of shares described in this Agreement, in exchange of each Buyer's performance of payment, Seller shall deliver to Buyers the stock certificate representing the respective shares, properly endorsed, representing his ownership of the sold shares. Seller agrees to secure the submission of a certificate of stock representing the ownership of each Party's 235.75 shares from the Company, registered in each Buyer's name.
 {¶ 13} The escrow agreement entered into by the parties reads in pertinent part:
 {¶ 14} Escrow Agreement:
 {¶ 15} This Agreement made and entered into this 19 day of June, 2000 by and between Pony Computer, Inc., an Ohio corporation, Joseph Chou, Steven Chou, Caleb Chou and Alice Chou.
 {¶ 16} WHEREAS, Joseph Chou is the owner of all of the issued and outstanding stock of Pony Computer, Inc. as of the date of this Agreement; and
 {¶ 17} WHEREAS, Joseph Chou, Steven Chou, Caleb Chou and Alice Chou wish to become twenty-five percent (25%) owners of Pony Computer, Inc., an Ohio corporation whose principal place of business is in Streetsboro, Ohio; and
 {¶ 18} WHEREAS, certain governmental and lending institution approvals are or may be required before ownership of Pony Computer, Inc. may be distributed so that Joseph Chou, Steven Chou, Caleb Chou and Alice Chou each become twenty-five percent (25%) owners of Pony Computer, Inc.; and
 {¶ 19} WHEREAS, the parties wish to cause the stock certificates which would reflect ownership in the name of Joseph Chou, Steven Chou, Caleb Chou and Alice Chou to be held in escrow.
 {¶ 20} NOW THEREFORE, the parties hereto agree, for good and valuable consideration on the following:
 {¶ 21} 1. Joseph Chou shall seek approval for the transfer of seventy-five percent (75%) of his ownership interest in Pony Computer, Inc. to Steven Chou, Caleb Chou and Alice Chou from the State of Ohio, the City of Streetsboro and Firstar Bank, and any other governmental or private institutions that may require prior written approval before transfer of said ownership interest may be completed. Joseph Chou shall seek such approvals within a commercially reasonable period of time of the date of this Agreement. Upon receipt of said written approvals, Joseph Chou shall promptly deliver copies of all said approvals to Steven Chou, Caleb Chou and Alice Chou.
 {¶ 22} * * *
 {¶ 23} 5. Entire Agreement; Amendments. This Agreement constitutes from and after the date hereof the entire Agreement between the parties, and supersedes all and any prior agreements whether written or oral as to the subject matter hereof. A separate Purchase and Sale Agreement, and other related agreements, have been entered into by the parties, and are not superseded hereby. No representative of either party shall have any authority to waive, modify or change any provision set forth herein unless such waiver, modification or change is authorized in writing and made by an officer of the party against whom the waiver, modification or change is to be enforced.
 {¶ 24} The trial court entered the following order:
 {¶ 25} Plaintiff Joseph Chou's Motion for Partial Summary Judgment (filed 8-29-01) is granted as to Plaintiff's Second Claim for Relief: Declaratory Judgment. The Court hereby finds and declares that the June 19, 2000, Agreement modified the June 16, 2000, Agreement by creating a condition precedent (approval from Firstar Bank). Both Agreements show the parties' intent. The Court also finds and declares that both the June 16, 2000, Agreement and the June 19, 2000, Agreement fail as the condition precedent was not fulfilled. The Court further finds and declares that Defendant Steven Chou shall return the shares in Pony Computer, Inc. to Plaintiff Joseph Chou. Finally, the Court finds and declares that Plaintiff Joseph Chou has no other obligations.
 {¶ 26} In the first assignment of error, the appellant asserts that the trial court erred in granting the appellee's motion for summary judgment. The appellants argue that the two documents, the sales agreement and the escrow agreement, may be read separately and given effect separately. This, the appellant posits, permits the sale of the company even without the prior permission of Firstar Bank.[2]
 {¶ 27} This court reviews the lower court's grant of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. An appellate court applies the same test as the trial court. Zaslov v. The May Dept. Stores Co. (Oct. 1, 1998), Cuyahoga App. No. 74030. Summary judgment is appropriately rendered when no genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; it appears from the evidence that reasonable minds can come but to one conclusion; and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.Turner v. Turner (1993), 67 Ohio St.3d 337, citing to Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, and Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64. A court is permitted to grant a motion for summary judgment where all of the tests provided in Civ.R. 56 are met. See Celotex Corp. v. Catrett (1986), 477 U.S, 317, 323.
 {¶ 28} In order to successfully prosecute a breach of contract claim, a plaintiff must present evidence on the following elements: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damage or loss to the plaintiff. Lapping v. HMHealth Services (Dec. 14, 2001), 2001-Ohio-8723, Trumbull App. No. 2000-T-0061, citing to Doner v. Snapp (1994), 98 Ohio App.3d 597, 600,649 N.E.2d 42. A contract or contract right is formed when all conditions precedent are satisfied. Carter v. New Buckeye Redevelop Corp. (April 2, 1998), Cuyahoga App. No. 72501.
 {¶ 29} A condition precedent is one which is to be performed before the agreement of the parties becomes operative. A condition precedent calls for the performance of some act or the happening of some event after the contract is entered into, and upon the performance or happening of which its obligation is made to depend. Mumaw v. Western Southern Life Ins. Co. (1917), 97 Ohio St. 1, 9, 119 N.E. 132, quoting Chambers v. Northwestern Mut. Life Ins. Co. (1896), 64 Minn. 495,497, 67 N.W. 367. See also Polek v. Tillimon (March 1, 2002), 2002-Ohio-856, Lucas App. No. L-01-1354, citing to Troha v. Troha
(1995), 105 Ohio App.3d 327, 334, 663 N.E.2d 1319; Puzzitiello v.Metropolitan Sav. Bank (Nov. 13, 1997), Cuyahoga App. No. 71814. If a condition precedent is not met, a party is excused from performing the duty promised under the contract. Troha, supra at 334; see also, Rudd v.Online Resources, Inc., (June 18, 1999), Montgomery App. No. 17500;Carter v. New Buckeye Redevelop. Corp. (April 2, 1998), Cuyahoga App. No. 72501.
 {¶ 30} The overriding concern of any court when construing a contract is to ascertain and effectuate the intention of the parties.Trinova Corp. v. Pilkington Brothers, P.L.C., 70 Ohio St.3d 271; 1994-Ohio-524; 638 N.E.2d 572, citing to Aultman Hosp. Assn. v. CommunityMut. Ins. Co. (1989), 46 Ohio St.3d 51, 544 N.E.2d 920. Absent ambiguity, there is no necessity for interpretation. Allen v. Std. OilCo. (1982), 2 Ohio St.3d 122, 2 OBR 671, 443 N.E.2d 497.
 {¶ 31} The construction of written contracts is a matter of law.Curtis v. American Energy Development, Inc., 2002-Ohio-3122, Lake App. No. 2000-L-133, citing to Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 7 Ohio Op.3d 403, 374 N.E.2d 146, paragraph one of syllabus. Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument. Id. at paragraph two of the syllabus. Words and phrases used must be given their natural and commonly accepted meaning, where they possess such meaning, to the end that a reasonable interpretation of the contract consistent with the apparent object and plain intent of the parties may be determined. Gomolka v. State Auto Mutl. Ins. Co. (1982),70 Ohio St.2d 166, 167-168, 24 Ohio Op.3d 274, 436 N.E.2d 1347.
 {¶ 32} Two related documents may be read in order to establish the intention of the parties. Trinova, supra. However, this must be accomplished within the context of establishing intent and not for the purpose of negating clear and unambiguous language. Id. Ohio has long held a court may construe multiple documents together if they concern the same transaction through the doctrine of integration. Edward A. KemmlerMemorial Found. v. 691/733 East Dublin-Granville Road Co. (1992),62 Ohio St.3d 494, 499, 584 N.E.2d 695, 698.
 {¶ 33} At issue in the case sub judice is the interpretation of the integration clause of the escrow agreement and whether or not the sales agreement and the escrow agreement should be read together. As noted supra, the integration clause in the escrow agreement contract states that it is the entire Agreement between the parties, and supersedes all and any prior agreements whether written or oral as to the subject matter hereof. A separate Purchase and Sale Agreement, and other related agreements, have been entered into by the parties, and are not superceded hereby. The escrow agreement indicates that it may not be modified or changed unless such modification or change is in writing. Thus, in looking to the intent of the parties, considering that the words modify and supersede were both used, but in different clauses, we hold that there is no ambiguity. The parties understood the difference between the words and may be held to the plain and ordinary use of these words.[3]
 {¶ 34} Further, the escrow agreement under consideration here specifically acknowledges that the parties signed both a sales agreement and the escrow agreement. The clear and unambiguous language set forth in the escrow agreement states that the escrow agreement did not supersede the sales agreement. Since both contracts concern the same transaction, and the integration clause references both contracts, this court will construe the contracts together in order to interpret the intent of the parties.
 {¶ 35} Quite plainly, the escrow agreement required the appellant to seek approval for the sale of the company with Firstar Bank. The obligation of the appellee to perform was dependent on the bank's approval. In other words, the approval of the bank was a condition which had to be performed before the agreement of the parties became operative. The parties do not dispute that the appellee sought such approval from Firstar Bank and was rejected. As the trial court noted, this clause must be considered a condition precedent to the sale of the stock from the appellee to the appellants. The failure of this condition precedent excused the appellee from performance. The trial court did not err in granting the appellee's motion for summary judgment.
 {¶ 36} The first assignment of error is overruled.
 {¶ 37} In the second assignment of error the appellants argue that the trial court erred in denying them their right to pursue their motion for summary judgment.
 {¶ 38} In General Motors Acceptance Corp. V. Hern Oldsmoble-GMC Truck, Inc. (Sept. 7, 1995), Cuyahoga App. No. 67921, this court noted that a summary judgment deadline represents a perfectly reasonable attempt by a trial court to efficiently control its docket. Likewise, inPavarini v. Macedonis (April 18, 2001), Summit App. No. 20250 the court reiterated that a trial court has the inherent power to control its own docket and the progress of proceedings in its court. See State ex rel.Kura v. Sheward (1992), 75 Ohio App.3d 244, 245, 598 N.E.2d 1340. The Ohio Supreme Court has held that docketing decisions can be overturned only where there has been an abuse of discretion. State v. Unger (1981),67 Ohio St.2d 65, 67, 423 N.E.2d 1078. The term "abuse of discretion" connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 39} The trial court herein had both contracts before it and had the appellants' response to the appellee's motion for summary judgment. Given that all pertinent information was before the court, the court did not abuse its discretion by controlling the docket. The appellants' second assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
MICHAEL J. CORRIGAN, J., and JAMES J. SWEENEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The appellee has not filed a brief on appeal.
[2] In his deposition Joseph Chou testified that First Star Bank has the first lien on Pony's assets and that the company had a term loan with the bank. (Joseph Chou Depo. T. 101).
[3] The definition of the word supersede is found in Black's Law Dictionary and states: Obliterate, set aside, annul, replace, make void, inefficacious or useless, repeal. To set aside, render unnecessary, suspend, or stay. Black's Law Dictionary (5th Ed. 1979) 1289. In contrast, modify means, to alter; to change in incidental or subordinate features; enlarge, extend; amend; limit, reduce. Such alteration or change may be characterized, in quantitative sense, as either an increase or decrease. Black's Law Dictionary (5th Ed. 1979) 905.