OPINION
{¶ 1} Plaintiff-appellant, Eugene P. Moody, appeals from a judgment of the Ohio Court of Claims granting judgment in favor of defendant-appellee, Ohio Rehabilitation Services Commission ("ORSC"), on appellant's claims against ORSC. For the reasons that follow, we affirm that judgment.
 {¶ 2} Appellant was employed by ORSC. On or about December 3, 1996, appellant entered into a settlement agreement and release ("the agreement") in which he accepted $20,000 from ORSC in exchange for the release of his claims against ORSC and the dismissal of his federal court action. In the agreement, the parties agreed that, "[i]f during the Calendar Year 1997, due to no fault of his own, Mr. Moody receives a final decision from the Internal Revenue Services (IRS) for a tax amount due upon the $20,000 tort payment and Mr. Moody pays the IRS the tax due upon the $20,000, ORSC will reimburse Mr. Moody for the tax which was due and paid to the IRS soley [sic] for the $20,000." The IRS' decision to tax the $20,000 payment to appellant was not made until 1999. Appellant then requested ORSC to reimburse him for the taxes he paid on the $20,000 based upon his interpretation of the agreement. After ORSC refused, appellant initiated the present case, seeking reimbursement of the amount he paid in taxes on the $20,000 settlement he received from ORSC.
 {¶ 3} After the parties filed briefs and stipulations of fact, the trial court found that the reimbursement language in the agreement clearly and unambiguously created a condition precedent to ORSC's obligation to reimburse appellant. If appellant received a final decision from the IRS during calendar year 1997 indicating that the $20,000 settlement payment was taxable, and appellant paid the tax, appellee would reimburse appellant an amount equal to the tax paid. Because that condition precedent was not satisfied (the IRS decision was not made until 1999), ORSC had no obligation to reimburse appellant. Accordingly, the trial court found that ORSC was not in breach of the agreement and entered judgment in favor of ORSC.
 {¶ 4} Appellant now appeals, assigning the following error:
 {¶ 5} "The Court of Claims erred in its decision determining that there was no breach of contract on the part of the appellee."
 {¶ 6} Appellant contends that the trial court erred in finding that the reimbursement language in the agreement was unambiguous. Appellant claims that the language could be interpreted to mean that, regardless of when the IRS made its determination, if appellant was required to pay tax on the $20,000 settlement payment he received in 1997, ORSC was obligated to reimburse him for the tax he was required to pay on that income. We disagree.
 {¶ 7} Contractual terms are ambiguous if the meaning of the terms cannot be deciphered from reading the entire contract, or if the terms are reasonably susceptible to more than one interpretation. United States Fid. Guar. Co. v. St. Elizabeth Med. Ctr. (1998), 129 Ohio App.3d 45,55. Where the contract is clear and unambiguous, the intent of the parties must be determined from the contract itself. Mattlin-Tiano v. Tiano (Jan. 9, 2001), Franklin App. No. 99AP-1266. The terms of the contract must simply be applied without resorting to methods of construction and interpretation. Chirchiglia v. Ohio Bur. of Workers' Comp. (2000), 138 Ohio App.3d 676, 679. "Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions." Shifrin v. Forest City Ent., Inc. (1992),64 Ohio St.3d 635, syllabus. The decision as to whether a contract is ambiguous is a matter of law. Ohio Historical Society v. General Maintenance Engineering Co. (1989), 65 Ohio App.3d 139, 146.
 {¶ 8} Settlement agreements are considered contracts and, therefore, their interpretation is governed by the same law interpreting contracts. Chirchiglia, supra, at 679. A court construing a contract attempts to discover and effectuate the intent of the parties, which is presumed to reside in the language chosen by the parties in the agreement. Griner v. UNUM Life Ins. Co. (Feb. 27, 2001), Franklin App. No. 00AP-678. Common words appearing in a written instrument are to be given their plain and ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly intended from the face or overall contents of the instrument. Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, 245-246.
 {¶ 9} The trial court found the reimbursement language to be clear and unambiguous. We agree. The plain language of the clause is clear. The reimbursement language created a condition precedent for ORSC's obligation to perform. A condition precedent is an event which must occur before the obligations in the contract become effective. Troha v. Troha (1995), 105 Ohio App.3d 327, 334. If a condition precedent is not fulfilled, a party is excused from performing its duty promised under the contract. Id. Whether a provision of a contract is a condition precedent is a question of the parties' intent. Id. Intent is ascertained by considering not only the language of a particular provision but also the language of the entire agreement and its subject matter. Id.
 {¶ 10} Here, the intent to create a condition precedent is clear from the language used. Appellant had to receive a final tax determination in calendar year 1997 before ORSC would be obligated to reimburse appellant for any tax he paid on the $20,000 payment. Because appellant did not receive such a determination until 1999, the condition precedent did not occur and ORSC had no obligation to reimburse appellant.
 {¶ 11} Appellant claims that requiring the IRS to make a decision in such a short time span leads to an absurd result. We disagree. The trial court's interpretation does not lead to a manifestly absurd result, nor is there some other meaning that can be reasonably discerned from the language used. The clear meaning of the language used in the reimbursement provision indicates that appellant would be reimbursed for any taxes he paid on the $20,000 settlement proceeds if, and only if, he received a final tax determination in calendar year 1997.
 {¶ 12} Having found that the agreement was clear and unambiguous, we need not consider appellant's testimony, as extrinsic evidence is not considered when the agreement itself is unambiguous. Shifrin, supra.
 {¶ 13} Appellant's single assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.
SUMMARY-settlement agreement, ambiguous, contract interpretations, condition precedent.