JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellant Willard Construction Company ("Willard") appeals from a decision of the Common Pleas Court that granted defendants-appellees City of Olmsted Falls' ("Olmsted Falls" or "the City") motion for summary judgment. Upon review, we conclude that there are no genuine issues of material fact and that Olmsted Falls is entitled to judgment as a matter of law on Willard's claims. Accordingly, we affirm the trial court's decision.
 {¶ 3} A review of the record reveals the following facts: In 1995, Willard was awarded a contract from Olmsted Falls for the installation of various water and sewer projects.
 {¶ 4} In 1997, Willard and Olmsted Falls became involved in litigation with regard to the work performed by Willard under the contract.
 {¶ 5} On November 10, 1998, the parties entered into a Settlement Agreement. Under paragraph two of the settlement, Olmsted Falls agreed to pay Willard $305,128.14 as a final payment and Willard agreed to submit payment request forms as prescribed by the City Engineer. In addition, paragraph nine of the Settlement Agreement contained the following provision:
 {¶ 6} "The parties shall take any and all actions and execute any and all documents necessary to effectuate this Agreement, provided that Willard completes the necessary payment requests for forwarding to the State agencies funding the Contract and Project."
 {¶ 7} On July 12, 2000, Willard filed a complaint against Olmsted Falls alleging breach of the Settlement Agreement. Specifically, Willard alleged that Olmsted Falls had only paid Willard the sum of $248,649.58. On October 17, 2001, Willard filed a motion for summary judgment seeking the balance of $56,478.56 due under the terms of the Settlement Agreement. On November 23, 2001, Olmsted Falls filed a cross-motion for summary judgment claiming that Willard's complaint was barred because it failed to perform all conditions required under the terms of the Settlement Agreement.
 {¶ 8} On June 17, 2002, the trial court denied Willard's motion for summary judgment and granted Olmsted Falls' motion for summary judgment. It is from this decision that Willard now appeals and raises two assignments of error for our review. We will address Willard's assignments of error together as they both address the trial court's grant of summary judgment.
 {¶ 9} "I. The trial court erred in granting summary judgment to appellee by implying a contract term upon which a written settlement agreement is silent, and about which a genuine question of fact is properly raised by affidavit and the reasonable inferences to which the non-moving party (appellant) is entitled.
 {¶ 10} "II. The trial court erred in granting defendant's motion for summary judgment on a written settlement agreement by construing an unstated obligation as a condition of appellant's right to performance from the other party, as opposed to a promise the breach of which may lead to damages."
 {¶ 11} In these assignments of error, Willard claims that the trial court erred in granting summary judgment in favor of Olmsted Falls because genuine issues of material fact existed concerning its claims against the City.
 {¶ 12} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial."Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citingDupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 13} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 14} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 15} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in Olmsted Falls' favor was appropriate.
 {¶ 16} Here, the essential facts of the case are agreed upon by both parties. The Settlement Agreement entered into by the parties called for Olmsted Falls to pay Willard the amount of $305,128.14. The Settlement Agreement also called for Willard to submit payment request forms to the City for the work performed. Willard submitted three payment requests for a total sum of $248,649.58.[1] Willard was paid $248,649.58 by the City. Willard did not submit a payment request form for the unpaid balance of $56,478.56. Olmsted Falls did not pay the balance of $56,478.56.
 {¶ 17} Olmsted Falls argues that its duty to pay Willard the unpaid balance was excused as a result of Willard's failure to fulfill its duty under the Settlement Agreement to submit a payment request. Willard contends that the Settlement Agreement does not expressly make a payment request a condition to the payment of the $305,128.14. Willard claims that regardless of whether he submitted the pay request forms, Omsted Falls was obligated to pay him the entire amount of $305,128.14 as specifically stated in the Settlement Agreement. We disagree. Contractual terms are ambiguous if the meaning of the terms cannot be deciphered from reading the entire contract, or if the terms are reasonably susceptible to more than one interpretation. United States Fid. Guar. Co. v.St. Elizabeth Med. Ctr. (1998), 129 Ohio App.3d 45, 55. Where the contract is clear and unambiguous, the intent of the parties must be determined from the contract itself. Mattlin-Tiano v. Tiano (Jan. 9, 2001), Franklin App. No. 99 AP-1266. Extrinsic evidence may only be considered when the language of the contract is unclear or ambiguous or when the circumstances surrounding the agreement invest the language of the contract with a special meaning. Shifrin v. Forest City Ent., Inc.
(1992), 64 Ohio St.3d 635.
 {¶ 18} The decision as to whether a contract is ambiguous is a matter of law. Ohio Historical Society v. General Maintenance Engineering Co. (1989), 65 Ohio App.3d 139, 146. Settlement agreements are considered contracts and, therefore, their interpretation is governed by the same law interpreting contracts. Chirchiglia v. Ohio Bur. ofWorkers' Comp. (2000), 138 Ohio App.3d 676, 679.
 {¶ 19} A court construing a contract attempts to discover and effectuate the intent of the parties, which is presumed to reside in the language chosen by the parties in the agreement. Griner v. UNUM LifeIns. Co. (Feb. 27, 2001), Franklin App. No. 00 AP-678. Common words appearing in a written instrument are to be given their plain and ordinary meaning unless some other meaning is clearly intended from the face or overall contents of the instrument. Alexander v. Buckeye Pipe Line Co.
(1978), 53 Ohio St.2d 241, 245-246.
 {¶ 20} Here, the plain language of the Settlement Agreement supports Olmsted Falls' argument that payment request forms were a condition precedent to its obligation to pay the final amount. Paragraph nine of the Settlement Agreement clearly states that "the parties shall take any and all actions and execute any all documents necessary to effectuate this Agreement, provided that Willard completes the necessary payment requests * * *."
 {¶ 21} A condition precedent is an event which must occur before the obligations in the contract become effective. Troha v. Troha (1995),105 Ohio App.3d 327, 334. If a condition precedent is not fulfilled, a party is excused from performing its duty promised under the contract. Id. Whether a provision of a contract is a condition precedent is a question of the parties' intent. Id. Intent is ascertained by considering not only the language of a particular provision but also the language of the entire agreement and its subject matter. Id. Here, the intent to create a condition precedent is clear from the language used. Willard had to "complete the necessary payment requests" before Olmsted Falls would be obligated to pay the full amount agreed upon in the Settlement Agreement. Because Willard concedes that it did not submit a payment request for the $56,478.56 still owing under the Agreement, the condition precedent did not occur and Olmsted Falls had no obligation to pay Willard. Willard claims that requiring it to submit a payment request form for the $56,478.56 balance would have been inappropriate because the remaining amount due was not for actual work done but for the settlement of tort claims from the underlying litigation. We disagree. The Settlement Agreement does not contain any language to suggest that the parties had such an intent when they entered into the settlement. The clear meaning of the language used in the "payment request" provision indicates that Willard would be paid the amount of $305,128.14 provided it completed the payment request forms. Since we find that the Agreement was clear and unambiguous, we will not consider Willard's testimony, as extrinsic evidence is not considered when the Agreement itself is unambiguous. Shifrin, supra.
 {¶ 22} Assignments of Error I and II are overruled.
Judgment affirmed.
COLLEEN CONWAY COONEY, J. CONCURS.
DIANE KARPINSKI, J., DISSENTS. (SEE SEPARATE DISSENTING OPINION ATTACHED).
[1] On June 1, 1998, Willard submitted Estimate No. 23 in the amount of $59,494. On July 19, 1999, Willard submitted Estimate No. 24 in the amount of $70,462.31 and Estimate No. 25 in the amount of $118,673.27.