COOK, Circuit Judge.
This appeal stems from Appellant Ciao Cucina Corporation’s adversary proceed *214 ing in bankruptcy against The Glazier Group, Inc., alleging that Glazier breached a contract to purchase the assets of Ciao’s restaurant. The bankruptcy court granted summary judgment to Glazier after concluding that there was no contract — -and therefore no breach of contract — because there was no “meeting of the minds” on an essential term of the parties’ agreement. Though we decide that the parties did validly contract, we nevertheless affirm the judgment of the bankruptcy court because the failure of a condition precedent excused Glazier’s performance under that contract.
I. BACKGROUND
Ciao owned and operated various restaurants including a Washington, D.C. location Glazier managed. In December, 1998, Ciao filed for protection under Chapter 11 of the Bankruptcy Code. About a month later Glazier and Ciao signed a letter that set forth terms for an asset-purchase of Ciao’s D.C. restaurant. The letter agreement conditioned Glazier’s performance on the bankruptcy court entering an order of sale within 45 days of the date of the signing of the letter.
The following month the court held a hearing on the restaurant sale where the statements of counsel for the various parties confirmed the contract’s contingencies. Ciao’s counsel informed the court that, “although the essence of the deal has been tied down in the letter, there’s certainly other particulars that need to be finalized” and went on to acknowledge that the sale order needed to be approved in order to complete the sale. Ciao’s counsel continued by explaining to the court that Glazier and Ciao’s landlord also needed to agree on an amended lease. Glazier’s attorney too confirmed the outstanding aspects of the deal — a lease amendment and an order of sale. The landlord’s attorney then concurred with other counsel that the deal hinged on the landlord’s agreement to a lease amendment — satisfactory to the landlord and Glazier — and advised the court that negotiations were ongoing.
After the hearing, the parties never did agree on a satisfactory lease amendment or report further to the court. The 45-day time limit expired without agreement on a lease amendment or the entry of an order of sale by the bankruptcy court.
Approximately two years later. Ciao filed an adversary proceeding against Glazier seeking damages for breach of contract. The bankruptcy court granted summary judgment in favor of Glazier, finding that there was never a contract between the parties.
II. ANALYSIS
A. Standard of Review
Under Federal Rule of Bankruptcy Procedure 7056, Rule 56(c) of the Federal Rules of Civil Procedure governs motions for summary judgment in adversary proceedings in bankruptcy court. We review de novo an appeal of a bankruptcy court’s grant of summary judgment. Summary judgment is appropriate if “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Fed. R. Civ. P. 56(c). We view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Carp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue exists “if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of *215 summary judgment is appropriate “against a party who fails to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial.” Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
B. Contract
Ciao agreed to sell its business and Glazier agreed to buy it for a sum certain provided certain conditions could be met. The letter agreement the parties signed included the essential terms necessary to a contract of sale — sufficient to render it actionable upon a breach. Neither party argues a failure to contract and the district court erred in assessing the deficiency here as the absence of a valid contract. We assume here that the agreement was actionable upon a breach and proceed to decide the question of breach.
C. Condition Precedent
Section 7 of the letter agreement read in pertinent part:
Conditions to Closing. The consummation of the sale and purchase of the Assets described in this letter is subject to the occurrence of the following:
... b. Sale Order. An order in form and substance satisfactory to [Ciao] and [Glazier] shall be entered in and by the Bankruptcy Court within 45 days of the date of this letter approving and authorizing, among other things, (i) the sale and purchase of the Assets ...; (ii) the assumption and assignment by [Ciao] to [Glazier] of the Lease and the Executory Contracts specifically providing that [Glazier] steps into the shoes of [Ciao] with respect to the Lease and the Executory Contracts....
(emphasis added).
The terms of the contract having conditioned Glazier’s obligation to perform on certain eventualities that never occurred, Glazier was excused from performance. Counsels’ statements on behalf of the contracting parties and the other interested party confirm that the parties intended that Glazier be bound to buy the business only if the certain pre-conditions could be timely met. Troha v. Troha, 105 Ohio App.3d 327, 663 N.E.2d 1319, 1323-24 (1995) (Whether a provision in a contract is a condition precedent depends on the parties’ intent.) Unmet conditions precedent protect Glazier from liability to the debtor for breach of the letter agreement.
III. CONCLUSION
We find that there exists no dispute as to any material fact and that Glazier is entitled to judgment as a matter of law. We affirm the bankruptcy court’s grant of summary judgment in favor of Glazier.