THE STATE, EX REL. UNION BOILER CO., *v.* INDUSTRIAL COMMISSION OF OHIO ET AL. (THREE CASES.)

(Nos. 82AP-665, 666 and 667—Decided February 24, 1983.)

*Messrs. Knisley, Carpenter, Wilhelm & Nein* and *Mr. James E. Wilhelm, Jr.,* for relator Union Boiler Co.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Richard Forman,* for respondent Industrial Commission of Ohio.

*Mr. David R. Creighton, pro se.* (Case No. 82AP-665.)

*Mr. Ralph E. Posey, pro se.* (Case No. 82AP-666.)

*Mr. Patrick P. Creighton, pro se.* (Case No. 82AP-667.)

*Mr. Michael Shay,* for respondents David R. Creighton, Ralph E. Posey and Patrick P. Creighton.

STRAUSBAUGH, J. This is an original action in mandamus arising from an order of the Industrial Commission granting claimants' applications for additional awards for violation of a specific safety requirement. On February 22, 1978, David R. Creighton, Ralph E. Posey and Patrick P. Creighton, respondents-claimants, in cases numbered 82AP-665, 82AP-666 and 82AP-667, respectively, were employees of the relator, the Union Boiler Company, working at a job site in Conesville, Ohio. Their employment required them to work on a floating scaffold inside an eight hundred foot smokestack. The float moved up and down within the stack so that claimants were able to work at various levels in the stack. While in the process of ascending, a snatch block pulley, which was located outside the stack and used in hoisting the float, failed thereby causing the float to fall forty to fifty feet to the floor of the stack and resulting in injuries to claimants.

Claimants applied for and received workers' compensation benefits for injuries received and then applied for an additional award for violation of specific

safety requirements. A hearing was held and the hearing officer determined that relator had violated IC-3-07.03(A) in conjunction with IC-3-02.10(B) and awarded additional compensation for violation of a specific safety requirement. An order was issued in each case but the findings were similar and stated in pertinent part:

"It is further the finding of the Hearing Officer that the claimant sustained an injury in the course of and arising out of employment when claimant & 3 other employees were being hoisted by means of a float inside an 800 ft. smoke stack to seal ducts when the float fell approximately 40-50 ft. to the bottom of the stack.

"It is further the finding of the Hearing Officer that the claimant's injury was the result of employer's failure to comply with the factor of safety in regard to scaffolds and their component part[s] as required by IC-3-07.03(A) in conjunction with IC-3-02.10(B) the Code of Specific Requirements of the Industrial Commission relating to Construction."

The relator claims that IC-3-07.03(A) and IC-3-02.10(B) are not specific safety requirements within the provisions of Section 35, Article II of the Ohio Constitution. Relator states that these sections do not require a specific act to be done. In particular, relator claims that these sections do not require that any specific act be done in relation to the snatch block pulley which caused the accident.

A review of IC-3-07.03(A) indicates that scaffolds and their component parts are to be constructed so that they will sustain four times the designed working load to be placed on them. IC-3-02.10(B) requires that "[a]ll connections, fittings, fastenings, parts, etc., * * *" used with wire ropes must provide a factor of safety of the carrying agent for which it was designed.

The Supreme Court of Ohio has held that a specific safety requirement is one which "* * * will forewarn the employer and establish a standard which he may follow." *State, ex rel. Rae,* v. *Indus. Comm.* (1939), 136 Ohio St. 168, 173 [16 O.O. 119]. Further, the court stated, in the syllabus, that the specific requirement must be "* * * of a character plainly to apprise an employer of his legal obligations toward his employees." *State, ex rel. Holdosh,* v. *Indus. Comm.* (1948), 149 Ohio St. 179 [36 O.O. 516]. Under IC-3-07.03(A), the employer must provide a scaffold with component parts which will support four times the weight intended to be placed on it. One of the component parts of the scaffold was a wire rope. Under IC-3-02.10(B) "[a]ll connections * * * parts, etc., used in connection with * * *" the wire rope must support four times the maximum designed working load. The entire mechanism used to elevate the scaffold is only as strong as each of its parts. It would be contrary to reason to require the employer to provide a rope which supports four times the maximum designed working load without holding the supporting block to the same standard. The snatch block pulley was used in connection with the wire rope and comes within the contemplation of IC-3-02.10(B). We conclude that the employer was apprised of its legal obligation.

There was evidence that the snatch block pulley was inadequate and did not have the required safety factor of four. Four blocks had failed during the course of the job and each block had a plate stating that it was not to be used for hoisting personnel. We find that there was a violation of IC-3-02.10(B) and the determination of the Industrial Commission did not constitute an abuse of discretion. The writ of mandamus is denied.

*Writ denied.*

McCORMAC and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.