[Cite as *Shearer v. Director O.D.J.F.S.*, 2012-Ohio-2294.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| DONALD A. SHEARER | : | W. Scott Gwin, P.J. |
| | : | William B. Hoffman, J. |
| Plaintiff-Appellant | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 2011AP070033 |
| | : | |
| | : | |
| DIRECTOR ODJFS, et al., | : | O P I N I O N |
| | | |
| Defendants-Appellees | | |

CHARACTER OF PROCEEDING:         Civil Appeal from Tuscarawas County
Court of Common Pleas Case No.
2011AA010043

JUDGMENT:         Dismissed

DATE OF JUDGMENT ENTRY:         May 18, 2012

APPEARANCES:

For Plaintiff-Appellant

JOSEPH I. TRIPODI
114 East High Avenue
New Philadelphia, Ohio 44663

For Defendants-Appellees

SUSAN SHEFFIELD
Assistant Attorney General
Ohio Attorney General's Office
20 W. Federal Street, 3rd Floor
Youngstown, Ohio  44503

For Defendant-Appellee
HP Auto Tuning, LLC

J. MICHAEL GATIEN
2371 Chestnut Hill Street, N.W.
North Canton, Ohio  44720

*Edwards, J.*

**{¶1}** Plaintiff-appellant, Donald Shearer appeals from the July 1, 2011, Judgment Entry of the Tuscarawas County Court of Common Pleas.

STATEMENT OF THE FACTS AND CASE

**{¶2}** Pursuant to a Decision issued on or about December 15, 2010, the Unemployment Compensation Review Commission found that appellant Donald Shearer had been discharged by appellee HP Auto Tuning, Inc. for just cause in connection with his work and was not entitled to unemployment compensation benefits. On January 13, 2011, appellant appealed such decision to the Tuscarawas County Court of Common Pleas. The trial court set a briefing schedule.

**{¶3}** On April 14, 2011, appellant filed his brief. Appellant attached his own affidavit to his brief. Appellant, in his affidavit, stated, in relevant part, as follows:

**{¶4}** "2. An Ohio Unemployment Compensation Review Commission hearing was held on November 16, 2010 with myself as the appellant/claimant.

**{¶5}** "3. Prior to the hearing I had submitted a subpoena request for documents to be obtained from my former employer.

**{¶6}** "4. During the hearing I informed the hearing officer that I had sent a subpoena request for documents, but had not received any of the documents, and the hearing officer told me that I would have a chance to discuss my subpoena request after he took our testimony.

**{¶7}** "5. The hearing officer also informed me that my subpoena request had been sent out to my former employer, HP Auto Tuning and stated that we would discuss

whether other documents should be considered and that he would rule on this at the end of the hearing. But, the hearing officer never made a ruling.

{¶8} "6. During the hearing, I asked the hearing officer to continue the hearing so that I could receive the subpoenaed documents, and the hearing officer told me that he would give me a chance to discuss my subpoena request – this also never happened.

{¶9} "7. Before I was given a chance to state into the Record what the documents would have shown, or to again state that I objected to not having the subpoenaed documents in my possession, the hearing officer suddenly terminated the hearing.

{¶10} "8. The hearing was terminated so suddenly that I was unaware that the hearing was over. The hearing officer was no longer on the phone – although I did not know this at the time, and I began to speak into the phone asking the hearing officer to discuss the subpoena and let me state into the record what the documents would have show. But, the hearing officer had already hung up, and I was speaking to a dead phone line."

{¶11} In response, appellee Director, Ohio Department of Job and Family Services, on May 6, 2011, filed a Motion to Strike the affidavit attached to appellant's brief. Such appellee, in the motion, argued that the affidavit constituted additional evidence that was not part of the record certified to the trial court on appeal and that, pursuant to R.C. 4141.282(H), the appeal could only be heard upon the record as certified by the Unemployment Compensation Review Commission. Appellee argued

that the trial court had no authority to receive new evidence. On the same date, appellee Ohio Department of Job and Family Services filed its brief.

{¶12} Appellant, on May 9, 2011, filed a response to the Motion to Strike. Appellant, in his response, argued that his appeal was governed by R.C. Chapter 2506 and that "if any of the conditions or deficiencies listed in R.C. 2506.03 applies, then [appellant] is allowed to bring these deficiencies to the attention to the court by affidavit." Appellant maintained that such deficiencies existed.

{¶13} On May 11, 2011, appellee HP Auto Tuning filed its reply to appellant's brief.

{¶14} Thereafter, on May 16, 2011, appellant filed a "Motion to Certify the Court's Decision on the Motion to Strike, as a Final Order Pursuant to Civ.R. 54(B)."

{¶15} As memorialized in a Judgment Entry filed on July 1, 2011, the trial court granted appellee Director, Ohio Department of Job and Family Services' Motion to Strike the affidavit attached to appellant's brief and ordered that appellant's affidavit be stricken from the record. The trial court held that R.C. Chapter 2506 did not apply to an appeal from the decision of the Unemployment Compensation Review Commission and that it was not permitted to consider new evidence outside the certified record provided by the Commission. The trial court, in its Judgment Entry, further granted appellant's Motion to Certify and found that there was no just cause for delay.

{¶16} Appellant now appeals from the July 1, 2011 Judgment Entry, raising the following assignments of error on appeal:

{¶17} "I. THE TRIAL COURT ERRED WHEN IT FOUND THAT R.C. CHAPTER 2506 DOES NOT APPLY TO THE APPEAL FROM THE OHIO UNEMPLOYMENT COMPENSATION REVIEW COMMISSION.

{¶18} "II. THE TRIAL COURT ERRED WHEN IT FOUND THAT IT WAS NOT PERMITTED TO CONSIDER NEW EVIDENCE OUTSIDE THE CERTIFIED RECORD PROVIDED BY THE OHIO UNEMPLOYMENT COMPENSATION REVIEW COMMISSION.

{¶19} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN HOLDING THAT APPEALS FROM A DECISION OF THE OHIO UNEMPLOYMENT COMPENSATION REVIEW COMMISSION ARE SPECIFICALLY GOVERNED BY R.C. CHAPTER 4141, AND THAT THE PROVISIONS OF R.C. CHAPTER 2506 DO NOT APPLY, BECAUSE THIS DENIED APPELLANT DUE PROCESS AND THE EQUAL PROTECTION OF THE LAWS."

{¶20} As a preliminary matter, we must first determine whether the order under review is a final, appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266, (1989). In the event that the parties to the appeal do not raise this jurisdictional issue, we may raise it sua sponte. See *Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 541 N.E.2d 64, (1989), syllabus; *Whitaker–Merrell v. Carl M. Geupel Const. Co.,* 29 Ohio St.2d 184, 186, 280 N.E.2d 922, (1972).

{¶21} An appellate court has jurisdiction to review and affirm, modify, or reverse judgments or final orders of the trial courts within its district. See Section 3(B)(2), Article

IV, Ohio Constitution; see also R.C. § 2505.02 and *Fertec, LLC v. BBC & M Engineering, Inc.,* 10th Dist. No. 08AP–998, 2009–Ohio–5246. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co.,* supra at 20.

**{¶22}** To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable. R.C. § 2505.02(B) provides the following, in relevant part:

**{¶23}** "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:…

**{¶24}** "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

**{¶25}** Civ.R. 54(B) provides:

**{¶26}** "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  A finding there is no just cause for delay "…is not a mystical incantation which transforms a nonfinal order into a final appealable order." *Wisintainer*

*v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354, 617 N.E.2d 1136 (1993), citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989).

**{¶27}** An administrative appeal is a special proceeding for purposes of R.C. 2505.02(B)(2) because it was "specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." See R.C. 2505.02(A)(2) and *Knight v. Cleveland Civ. Ser. Comm.,* 8th Dist. No. 96777, 2011-Ohio-6440. As noted by the Ohio Supreme Court in *Wilhelm-Kissinger v. Kissinger,*129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 7, "An order affects a substantial right for the purposes of R.C. 2505.02(B)(2) only if an immediate appeal is necessary to protect the right effectively. *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (To prevail in contending that an order affects a substantial right, 'appellants must demonstrate that in the absence of immediate review of the order they will be denied effective relief in the future'). Covered rights include any 'right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).'"

**{¶28}** In the case sub judice, we find that the trial court's July 11, 2011, Judgment Entry granting the Motion to Strike the affidavit attached to appellant's brief was not a final, appealable order despite containing Civ. R. 54(B) language that "[t]here is no just cause for delay." Although such order was made in a special proceeding, we find that such order does not require immediate appeal to ensure the protection of a substantial right effectively. After his case is decided on the merits, appellant can effectively raise the issues relating to his affidavit on appeal.

**{¶29}** Based on the foregoing, appellant's appeal is dismissed for lack of a final, appealable order.

By: Edwards, J.

Gwin, P.J. and

Hoffman, J. concur

_____

_____

_____

JUDGES

JAE/d0213

[Cite as *Shearer v. Director O.D.J.F.S.*, 2012-Ohio-2294.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DONALD A. SHEARER | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DIRECTOR ODJFS, et al., | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 2011AP070033 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Tuscarawas County Court of Common Pleas is dismissed. Costs assessed to appellant.

_____

_____

_____

JUDGES