[Cite as *Dicken v. Statutory Agent for Allstate Ins. Co.*, 2012-Ohio-4703.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
| | | | JUDGES: |
| ELLEN DICKEN | : | | Hon. W. Scott Gwin, P.J. |
| | : | | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | | Hon. Sheila G. Farmer, J. |
| | : | | |
| -vs- | : | | |
| | : | | Case No. 2012-CA-14 |
| STATUTORY AGENT FOR | : | | |
| ALLSTATE INSURANCE COMPANY, | : | | |
| ET AL | : | | O P I N I O N |
| | | | |
| Defendant-Appellee | | | |

CHARACTER OF PROCEEDING:          Civil appeal from the Fairfield County Court
                                 of Common Pleas, Case No. 10CV1400

JUDGMENT:                        Dismissed

DATE OF JUDGMENT ENTRY:          October 8, 2012

APPEARANCES:

For Plaintiff-Appellant          For Defendant-Appellee

DANIEL FRUTH                     JENIFER FRENCH
7809 Edgewater Court             961 Woodsedge Lane
Canal Winchester, OH 43110       Westerville, OH  43081

                                 RICK MARSH
                                 338 Naiche Ct.
                                 Columbus, OH 43213

*Gwin, P.J.*

{¶1} Plaintiff Ellen C. Dicken appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, entered in favor of defendant-appellee Allstate Insurance Company, et al.

{¶2} Appellant's amended complaint set forth five causes of action: Breach of Contract, declaratory judgment, promissory estoppels, and bad faith, all against Allstate. A fifth cause of action against Citi Residential Lending, Inc., was subsequently dismissed.

{¶3} After a bench trial, the court made findings of fact and conclusions of law. The conclusions of law address the claims of breach of contract and bad faith, and the decision entered states that judgment be entered in favor of Allstate Insurance and against appellant as to the claims of breach of contract and bad faith raised in her complaint.

{¶4} The trial court did not address appellant's causes of action for declaratory judgment and for promissory estoppel.

{¶5} Before we reach the merits of an appeal, we must determine whether the order under review is a final, appealable order. If the parties do not raise this issue, we may raise it sua sponte. See *Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus by the court. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *General Accident Insurance Co. v. Insurance Co. of North America,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶6}   An appellate court has jurisdiction to review and affirm, modify, or reverse judgments or final orders. Section 3(B)(2), Article IV, Ohio Constitution. In order to be final and appealable, the order must comply with R.C. 2505.02 *and* Civ.R. 54(B). *Shearer v. Director O.D.J.F.S.,* 5th Dist. No. 2011AP070033, 2012-Ohio-2294, 2012 WL 1867261, ¶ 22.

{¶7}   Civ.R. 54(B) states:

{¶8}   When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶9}   We find the within is not a final appealable order because the court has not disposed of all the claims between the parties.

{¶10} For the foregoing reasons, the appeal is dismissed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

WSG:0919                                    HON. SHEILA G. FARMER

[Cite as *Dicken v. Statutory Agent for Allstate Ins. Co.*, 2012-Ohio-4703.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ELLEN DICKEN | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| STATUTORY AGENT | : | |
| FOR ALLSTATE INSURANCE COMPANY, | : | |
| ET AL | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2012-CA-14 |

For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed for lack of jurisdiction. Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER