[Cite as *Trico Land Co., L.L.C. v. Kenoil Producing, L.L.C.*, 2013-Ohio-2065.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TRICO LAND COMPANY, LLC | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 13CA001 |
| KENOIL PRODUCING, LLC | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Holmes County Court of
Common Pleas, Case No.12CV007

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     May 16, 2013

APPEARANCES:

For Appellant:

Audrey E. Varwig
Dickie, McCamey & Chilcote, P.C.
2109 Stella Court
Columbus, Ohio 43215

For Appellee:

James M. Richard
Richard Law Office, LLC
127 East Liberty Street, Suite 100
P.O. Box 1207
Wooster, Ohio 44691

*Baldwin, J.*

{¶1}  Plaintiff-appellant Trico Land Company, LLC appeals from the September 24, 2012 and January 24, 2013 Judgment Entries of the Holmes County Court of Common Pleas denying its Motion for Summary Judgment while granting that filed by defendant-appellee Kenoil Producing, LLC.

STATEMENT OF THE FACTS AND CASE

{¶2}  On December 19, 2008, appellant Trico Land Company, LLC acquired title, via a limited warranty deed, to  approximately 126.85 acres in Holmes County from Kenlo Properties, LLC.

{¶3}  The subject property was subject to two recorded oil and gas leases held by appellee Kenoil Producing, LLC.  Appellant did not notify appellee of its acquisition of the fee simple interest after it had acquired title to the property.

{¶4}  Kenlo had entered into one of the oil and gas leases with appellee on October 1, 2008, although the same was not recorded until October 24, 2008. The lease stated that it would remain in force for a primary term of ten years.  Such lease further provided, in pertinent part, as follows:  "If no well be commenced on said land on or before the 1st day of October, 2009, this lease shall terminate as to both parties, unless the lessee shall on or before that date pay or tender to the lessor or the lessor's credit at the address above, which shall continue as the depository regardless of changes in ownership of said land, the sum of one hundred tewnty (sic)  seven dollars, which shall operate as rental and cover the privilege of deferring the commencement of a well for 12 months from said date…"

{¶5} Appellee did not commence drilling a well on or before October 1, 2009 and did not make any payments to appellant in 2009 or 2012. Once appellee, after its own investigation, discovered that appellant had acquired title to the subject land, appellee, on or about September 22, 2011, tendered a check in the amount of $1,270.00 to appellant. The check indicated that the $1,270.00 represented 10 years of lease rentals (at the rate of $127.00 a year). In a letter to appellant dated October 19, 2011, appellee stated that it had tendered the rental payment to appellant and believed that it was in compliance with the terms of the oil and gas lease. The letter further provided, in pertinent part, as follows: "If for any reason you feel we are not in compliance with the terms of the Lease, paragraph four on page two of the Lease spells out actions and remedies, including granting the Lessee (Kenoil) thirty days to remedy."

{¶6} The paragraph that appellee was referring to in such letter provides as follows: "In the event Lessor considers that Lessee has not complied with all the obligations hereunder, Lessor shall notify Lessee in writing by certified mail stating specifically in what respects Lessee has breached this contract. Lessee shall then have thirty (30) days after receipt of said notice within which to meet or commence to meet all or any part of the breaches alleged by the Lessor. The service of said notice shall be precedent to the bringing of any action by Lessor on said lease of thirty (30) days after service of such notice on Lessee…"

{¶7} On January 24, 2012, appellant filed a complaint against appellee to quiet title and for slander of title.

{¶8} Thereafter, on February 16, 2012, appellant filed an Affidavit of Abandonment under R.C. 5301.56 with the Holmes County Recorder, stating that appellee's oil and gas interest was considered abandoned and was vested in appellant because no wells had been commenced in 2009 or 2012 and no payment in the amount of $127.00 had been received on or before October 1, 2009. In response, appellee, on March 30, 2012, filed an Affidavit of Preservation of Mineral Rights pursuant to R.C. 5301.56. Appellee, in such affidavit, contended that the oil and gas lease had not terminated and that its rights remained effective.

{¶9} On August 27, 2012, appellant filed a Motion for Summary Judgment. Appellant, in its motion, alleged that the oil and gas lease granted to appellee had terminated when appellee failed to commence a well or make the required rental payment by October 1, 2009. Appellant further argued that, by recording the Affidavit of Preservation of Mineral Rights on March 30, 2012, appellee had slandered appellant's title as a matter of law. Appellee filed a memorandum in opposition to appellant's Motion for Summary Judgment on September 18, 2012. Pursuant to a Judgment Entry filed on September 24, 2012, the trial court denied such motion. The trial court, in its Judgment Entry, noted that appellee had alleged that appellant did not notify appellee of its acquisition of the subject property and did not provide appellee with notice of material default and an opportunity to cure the default. The trial court found that, therefore, there was a factual dispute between the parties that could not be resolved without a trial.

{¶10} On October 4, 2012, appellant filed a motion seeking reconsideration. Such motion was denied. On October 19, 2012, appellee filed a Motion for Summary

Judgment on Count II of appellant's complaint, which asserted a claim for slander of title. Appellant filed a memorandum in opposition to the same on November 9, 2012.

{¶11} Pursuant to a Judgment Entry filed on January 24, 2012, the trial court granted appellee's Motion for Summary Judgment on Count II. The trial court, in its Judgment Entry, found that appellee did not receive proper notification of default.

{¶12} Appellant now raises the following assignments of error on appeal:

{¶13} "I. THE TRIAL COURT ERRED WHEN IT DENIED PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT."

{¶14} "II. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

{¶15} As a preliminary matter, we must first determine whether the order under review is a final, appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. *See Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). In the event that the parties to the appeal do not raise this jurisdictional issue, we may raise it sua sponte. *See Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus; *Whitaker–Merrell v. Carl M. Geupel Const. Co.,* 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

{¶16} An appellate court has jurisdiction to review and affirm, modify, or reverse judgments or final orders of the trial courts within its district. See Section 3(B)(2), Article IV, Ohio Constitution; see also R.C. 2505.02 and *Fertec, LLC v. BBC & M Engineering, Inc.,* 10th Dist. No. 08AP–998, 2009-Ohio-5246, 2009 WL 3164752. If an order is not

final and appealable, then we have no jurisdiction to review the matter and must dismiss it. *See Gen. Acc. Ins. Co., supra* at 20.

{¶17} When determining whether a judgment or order is final and appealable, an appellate court engages in a two-step analysis. First, we must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies the requirements of R.C. 2505.02, we must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989). In order to be final and appealable, the order must comply with R.C. 2505.02 *and* Civ.R. 54(B). *Shearer v. Director O.D.J.F.S.,* 5th Dist. No. 2011AP070033, 2012-Ohio-2294, ¶ 22.

{¶18} To constitute a final order, an order must fit into one of the categories in R.C. 2505.02(B), which provides in pertinent part:

{¶19} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶20} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶21} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶22} "* * *

{¶23} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶24} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶25} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶26} * * *"

{¶27} Civ.R. 54(B) provides for entry of a final order when the claims of all parties have not been adjudicated upon a finding of no just cause for delay. The rule states:

{¶28} "(B) Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

{¶29}    In the case sub judice, appellant, in its complaint, filed two counts against appellee. Appellant, in its first count, sought to quiet title and, in its second count, set forth a claim of slander of title. Appellee, in its Motion for Summary Judgment, only sought judgment in its favor on Count II (slander of title). We find, therefore, that Count I remains pending and that there is no final, appealable order in this case.

{¶30} Appellant's appeal is, therefore, dismissed. This Court lacks jurisdiction over the appeal.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.

_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY


CRB/dr

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| TRICO LAND CO., LLC | : | |
| Plaintiff - Appellant | : | JUDGMENT ENTRY |
| -vs- | : | |
| KENOIL PRODUCING, LLC | : | Case No.    13CA001 |
| Defendant - Appellee | : | |

For the reasons stated in our accompanying Opinion on file, the appeal is dismissed.  Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY